Bank of N.Y. Mellon v Parker (2020 NY Slip Op 04376)





Bank of N.Y. Mellon v Parker


2020 NY Slip Op 04376


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2017-12589
 (Index No. 58634/15)

[*1]Bank of New York Mellon, etc., appellant, 
v
Chris Parker, respondent, et al., defendants.


Pincus Law Group, PLLC, Uniondale, NY (Renee J. Aragona of counsel), for appellant.
Matthew T. Worner, White Plains, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated November 30, 2016. The order denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Chris Parker and for an order of reference and granted the cross motion of the defendant Chris Parker for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant Chris Parker for summary judgment dismissing the complaint insofar as asserted against her, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.
In May 2015, the plaintiff commenced this action to foreclose a mortgage against the defendant Chris Parker, among others. In her amended answer, Parker alleged that the plaintiff failed to send her a 90-day notice pursuant to RPAPL 1304.
In August 2016, the plaintiff moved for summary judgment on the complaint insofar as asserted against Parker and for an order of reference. In support of the motion, the plaintiff submitted, inter alia, an affidavit of Michael Ward, an employee of Specialized Loan Servicing, LLC (hereinafter SLS), the plaintiff's loan servicer. Ward stated that he was familiar with SLS's records and record-keeping practices. Ward also stated that the plaintiff sent Parker "a separate ninety (90) day pre-foreclosure notice on July 09, 2014 in accordance with RPAPL § 1304, by certified and first class mail." Parker cross-moved for summary judgment dismissing the complaint insofar as asserted against her, arguing that the plaintiff failed to comply with RPAPL 1304. In support of the cross motion, Parker submitted her own affidavit, in which she stated that she never received the RPAPL 1304 notice, despite the fact that her attorney had told her "to be on the lookout for" it. In an order dated November 30, 2016, the Supreme Court denied the plaintiff's motion and granted Parker's cross motion. The plaintiff appeals.
We agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the complaint insofar as asserted against Parker and for an order of reference. The plaintiff failed to establish, prima facie, that it mailed the RPAPL 1304 notice, because "the [*2]plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by an individual with personal knowledge of that procedure" (U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 986, citing Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
We disagree, however, with the Supreme Court's determination to grant Parker's cross motion for summary judgment dismissing the complaint insofar as asserted against her. Parker offered only a mere denial of receipt of the RPAPL 1304 notice in support of her cross motion, and such a mere denial is insufficient to establish entitlement to such relief (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21; see also U.S. Bank Trust, N.A. v Sadique, 178 AD3d at 987). Accordingly, the court should have denied Parker's cross motion.
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court (see Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887, 889).
SCHEINKMAN, P.J., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court